CAVANAGH, J.
(concurring). I concur completely with this Court’s decision to deny the motion for rehearing. I write separately only to respond to the dissent.
First, the dissent states that “even under the new rule, Karen Paxson’s claim that defendant violated § 1605 of the Truth in Lending Act (TILA), 15 USC 1605, does not share a factual and legal nexus with Kristine Cowles’s previous claims.” I respectfully disagree. Cowles’s initial complaint stated that “the document preparation fee was disclosed on line 1105 in the HUD-1 as a charge for preparation of final legal papers” and that “the document preparation fee violated the Michigan Consumer Protection Act based on causing a probability of confusion or of misunderstanding as to the terms or conditions of credit and failing to reveal a material fact which was deceptive.” Cowles’s first amended complaint alleged that “Bank West misrepresented the fee as the actual expense of preparing final legal papers and by other inaccurate disclosures.” Therefore, it is clear that Cowles’s initial complaint and first amended complaint alleged problems with the way defendant reported its document preparation fee and the propriety of the services it provided in connection with the fee. Accordingly, Cowles’s initial and first amended complaint had a sufficient factual and legal nexus to the TILA claim alleged in the second amended complaint.
Next, the dissent states that “[t]he majority also creates confusion by barring ‘overhead charges’ from inclusion in a ‘bona fide’ document processing fee under TILA.” Again, I respectfully disagree. The majority held that a document preparation fee is not bona fide if it includes charges for items other than document preparation. There was testimony in this case from defendant’s president that defendant’s document preparation fee covered expenses other than those associated with document preparation. In fact, he testified that the document preparation fee was charged to defray the expense of “taking the loan through the entire sequence from the application through the closing.” Contrary to the dissent’s suggestion, this is quite different from overhead directly attributable to document preparation. This testimony could be viewed to mean that the document preparation fee was used to defray defendant’s general overhead, and, thus, it would not be bona fide. Accordingly, a question of fact exists regarding whether the document preparation fee in this case is bona fide.
Kelly and Markman, JJ. We join the statement of Justice Cavanagh.